UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EFRAIN SUAREZ DELGADO,<br><br>　　　　　　Defendant. | No. CR-04-188-FVS<br><br>FINDINGS AND CONCLUSIONS |

**THE DEFENDANT** came before the Court for sentencing on July 29, 2005.

**FINDINGS**

The Court finds the Presentence Investigation Report is accurate except as otherwise indicated.

**CONCLUSIONS**

On November 17, 1999, Efrain Suarez Delgado was convicted in the Eastern District of Washington of the crime of conspiracy with intent to distribute marijuana.  He served his sentence and was released from prison.  During 2004, new drug-trafficking charges were filed. A superseding indictment alleged both conspiracy to distribute cocaine and distribution of cocaine.  On February 14, 2005, the government filed an information advising Mr. Delgado of its intent, in the event of conviction, to seek enhanced punishment based upon the 1999 judgment.  21 U.S.C. § 851.  Mr. Delgado exercised his right to a jury trial.  The jury convicted him of both counts.  If his 1999 conviction constitutes a "felony drug offense," he is subject to a

FINDINGS AND CONCLUSIONS - 1

ten-year mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(ii). Mr. Delgado has filed a sentencing memo that raises three issues with respect to the government's request for a mandatory minimum sentence: (1) whether, in view of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he is entitled to have a jury determine whether his 1999 conviction is a felony drug offense; (2) whether the government's decision to seek a mandatory minimum sentence violates the separation-of-powers doctrine; and (3) whether a mandatory minimum sentence violates a defendant's right to due process by limiting a judge's ability to consider mitigating factors.

The *Apprendi* rule is easily stated. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. Mr. Delgado faces at least two obstacles in his effort to invoke the protections established by *Apprendi*. First, in *Harris v. United States*, 536 U.S. 545, 568-69, 122 S.Ct. 2406, 2420, 153 L.Ed.2d 524 (2002), the Supreme Court held that mandatory minimum sentences are not subject to the *Apprendi* rule. Mr. Delgado argues that *Harris* is no longer supported by a majority of the members of the Supreme Court. He argues that, given the opportunity, the Supreme Court will hold that mandatory minimum sentences are subject to *Apprendi* rule. Even if Mr. Delgado is correct, he faces a second obstacle. In adopting *Apprendi*, the Supreme Court specifically exempted judicial fact-finding concerning prior convictions from the scope of the rule. Although Mr. Delgado acknowledges this exception, he submits it has been misconstrued by lower courts. Citing both Section III of *Shepard v. United States*, 544 U.S. ----, ----, 125

FINDINGS AND CONCLUSIONS - 2

S.Ct. 1254, 1262-63, 161 L.Ed.2d 205 (2005), and Justice Thomas's concurring opinion in *Shephard*, he submits the prior-conviction exception is much narrower than previously thought. *See, e.g., United States v. Ngo*, 406 F.3d 839, 842 (7th Cir.2005); *United States v. Washington*, 404 F.3d 834, 840-41 (4th Cir.2005). According to Mr. Delgado, a sentencing judge may resolve a dispute concerning a prior conviction -- *e.g.*, whether a prior conviction constitutes a "felony drug offense" -- only if the record contains documents whose significance is conclusive. Mr. Delgado denies this is such a case. Consequently, he maintains he has a right under the Sixth Amendment to have a jury determine whether his 1998 conspiracy conviction constitutes a "felony drug offense" within the meaning of 21 U.S.C. § 841(b)(1)(B). This argument is unpersuasive. While Mr. Delgado may be correct in asserting that *Harris* no longer commands the support of a majority of the members of the Supreme Court, the fact remains that, to date, the Supreme Court has not seen fit to overrule *Harris*. Unless and until the Supreme Court does so, mandatory minimum sentences are not subject to the *Apprendi* rule. Thus, Mr. Delgado does not have a right to have a jury decide whether his 1998 conviction is a felony drug offense. This conclusion is not affected by *United States v. Booker*, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). As the Ninth Circuit observed recently, "*Booker* does not bear on mandatory minimums[.]" *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005).

   Mr. Delgado argues that government's decision to seek a mandatory minimum sentence usurped the Court's sentencing authority, thereby violating the separation of powers doctrine. This argument is without merit. It is well established that Congress' decision to authorize United States Attorneys to seek mandatory minimum sentences

FINDINGS AND CONCLUSIONS - 3

under 21 U.S.C. § 841(b)(1) does not violate the separation-of-powers doctrine.  *United States v. Kinsey*, 843 F.2d 383, 393 (9th Cir.), *cert. denied*, 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 916 (1988).

Mr. Delgado argues that the government's request for a mandatory minimum sentence violates his right to due process of law by effectively precluding the Court from considering factors that might warrant a sentence of less than 10 years in prison.  This argument is without merit.  As a general rule, the limits that Congress imposes upon a sentencing judge's discretion do not violate the defendant's right to due process by depriving him of an individualized sentence. *United States v. Brownlie*, 915 F.2d 527, 528 (9th Cir.1990) (mandatory minimum sentence under 21 U.S.C. § 841(b)(1).  *See also United States v. Brady*, 895 F.2d 538, 539 (9th Cir.1990) (Sentencing Guidelines).

**THE COURT SO FINDS AND CONCLUDES.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   2nd   day of August, 2005.

>                   s/Fred Van Sickle
>                   Fred Van Sickle
>             United States District Judge

FINDINGS AND CONCLUSIONS - 4